

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Melvin Combs
County Attorney
Jefferson County
Beaumont, Texas

Dear Sir:

Attention: Mr. S. K. Long

Opinion No. O-4820
Re: Is the County Clerk authorized
to furnish certified copies of
marriage and birth records without
charge to the men in the service
under the Serviceman's Dependents
Allowance Act of 1942, and another
question?

        Your letter of September 1, 1942, requesting the
opinion of this department on the questions as stated therein
reads in part as follows:

        "There is a question arisen in our county
with reference to requests for certified copies
of marriage records and birth records from men
in the Armed Forces of the United States.  These
requests are made primarily for the purpose of
proving the marriages and birth before the
Federal Government will grant maintenance funds
to the wives and children of the men in service.

        "As you know, every time that the County Clerk
uses his seal as the County Clerk he is to report
the fee therefor and show that this fee was
collected by him and turned over to the County.
The question we are interested in is whether or
not under the Serviceman's Dependents Allowance
Act of 1942 the County Clerk being authorized to
furnish these records without charge to the men
in service and, if so, how should this report be
made to the County Auditor in lieu of the money
to be deposited in the County Funds for the use
of the County Clerk's seal.  Your early attention
will be greatly appreciated."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Melvin Combs - page 2

Article 1939a Vernon's Annotated Civil Statutes reads in part as follows:

"Section 1. That from and after the effective date of this Act, all County Clerks, District Clerks, and other officials in this State who are required to issue any form of certificate or any copy or copies of instruments necessary as proof to establish any claim or claims of any ex-service men of the Federal Government, shall issue such certificate, and likewise certified copies of any instrument necessary to prove any fact or establish any claim of such ex-service men, free of any charge, and shall include the establishing of compensation status, and any other necessary fact to be established to aid and assist such ex-service men in completing the record of such service when necessary or required in the establishment of claims and necessary service status, in either the World War, the Spanish-American War, or any other active service, where such service was rendered, and where the person would, on proper proof, be entitled to compensation, insurance, or any other form of adjusted settlement for service rendered to the United States Government by such ex-service men. The County Clerk, District Clerk, or other officials issuing such certificates or certified copies of instruments, shall not be liable for any settlement for any such reduction, and the same shall not be counted as fees collected and chargeable to such office, and shall form no part of the maximum fees of such office. All of the provisions of Section 1 hereof, shall inure to the heirs at law of such ex-service men, where the proof is necessary to establish the claim emanating through or under such ex-service men.

"Sec. 2. Ex-service men, as meant in this Act, shall include all those persons recognized by the United States Government as being entitled to adjustment compensation, or other form of settlement for service in time of war. Acts 1939, 46th Leg., p. 329."

The above mentioned statute was passed by the Forty-sixth Legislature and became effective April 27, 1939. Section 3 of the act repeals all conflicting laws and parts of laws and Section 4 declares an emergency and provides

that the act should take effect from and after its passage.

The caption of the act reads as follows:

"An Act providing and directing County
Clerks, District Clerks and other officials to
issue certificates and certified copies of instru-
ments in their respective offices to ex-service
men of the World War and the Spanish-American
War where such certificates and copies of instru-
ments are necessary to be used for furthering
claims and establishing proof of such ex-service
men to such claims for compensation, or other
claims to be established, defining ex-service men;
repealing all laws and parts of laws in conflict
herewith; and declaring emergency."

After carefully considering Article 1959a, supra,
in connection with the caption of the act creating it, you
are respectfully advised that it is the opinion of this
department that said act was intended to apply only to
ex-service men of the World War and the Spanish-American
War.

In connection with the foregoing we have carefully
considered the "Serviceman's Dependents Allowance Act of 1942"
(Chapter 443-2d Session; Public Law 625-77th Congress) and
do not believe or think that such act has any application
to the questions under consideration.

You are further advised that the fees collected
for the above mentioned services should be deposited in
the officer's salary fund as required by Section 5 of
Article 3912e, Vernon's Annotated Civil Statutes.

Trusting that the foregoing fully answers your
inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

ATTORNEY GENERAL OF TEXAS

Gerald C. Mann

APPROVED SEP 14, 1942

AW:JP


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN